CARLTON *vs.* THE WESTERN AND ATLANTIC RAILROAD CO.

1. The plaintiff, being on the stand, and being asked by counsel for defendant whether he had signed a certain paper (exhibited to him and claimed to be a receipt in full for all damages he sustained), it was error to refuse to permit him to explain the circumstances under which he signed, and whether or not said paper was the same which he did sign, although he testified that the vice-president of defendant was present when he signed a paper (claimed to be the one exhibited to him and in the same condition as when he signed it), and it appeared that said vice-president was dead.

2. A written notice to produce a certain paper having been given by plaintiff, but no oath being made by him as to its materiality, or that it was in defendant's possession, and counsel not having stated in their place anything upon these points, it was not error to refuse to compel its production.

(a) A report which defendant, by its rules, required its conductor to make as to the circumstances and character of injuries caused by operation of its trains, etc., was not a privileged communication, and under proper circumstances, its production by defendant could be compelled.

3. Where by contract between defendant and plaintiff, who was its employé, in case plaintiff should be hurt while in its service by its negligence, etc., it was provided that, where the injury was not permanent plaintiff should be paid wages until he was able to work, for not exceeding six months, and where the injury was permanent but did not result in the loss of a limb, his measure of damages, including wages while not at work, should not exceed $500, etc., and where plaintiff, being injured but not losing a limb, signed a receipt for $32.50, " in full of all wages due me to date, and in full for all damage which I may have sustained on account of said injury," it appearing that the injury occurred February 17th, 1886, and the receipt signed March 19th, 1886, it was error to charge that the legal effect of the contract of settlement barred plaintiff's right to recover. It does not appear that his wages were in dispute, and he received wages for only a month, while he appears, under the contract, to have been entitled to more. Any agreement on his part to receive his wages in satisfaction of damages, would be a *nudum pactum* and would not bar his recovery. It does not appear that he received anything for his damages. It should have been left for the jury to determine whether the wages as well as the damages were in dispute, and whether the settlement covered all.

October 5, 1888.

Railroads. Damages. Evidence. Witness. Notice to produce. Privileged communications. Contracts. Before Judge VAN EPPS. City court of Atlanta. June term, 1888.

Reported in the decision.

ALEXANDER & TURNBULL, for plaintiff.

JOHN T. GLENN, for defendant.

BLANDFORD, Justice.

Carlton sued the Western and Atlantic Railroad Company for damages, on account of injuries alleged to have been sustained by him while employed by the defendant in coupling cars, by reason of the carelessness and negligence of the defendant's servants. The defendant pleaded (1) the general issue, and (2) that the plaintiff, at the time he was employed by the defendant, entered into a written contract, which provided as follows:

"In case the said Sam. Carlton is hurt, crippled, or in any way injured or damaged, without negligence or fault on his part, and by the negligence and fault of the company, while in the service of said company, whether the risk or injury grows out of the service he performs, or out of defects in track, bridges, cars, engines or machinery, or arises from passing under bridges, or from any other cause, or in any manner whatever connected with the duty he undertakes to perform, the following shall be the measure of damages which the said Western and Atlantic Railroad Company, if liable at all, shall pay to the said Sam. Carlton on account of such injury or damage caused as aforesaid as he may sustain, to wit: In all cases where the injury does not result in permanent disability, or make the said Sam. Carlton a permanent cripple, the company shall pay the said Sam. Carlton the regular wages he was receiving at the time he was injured till he is able to work, and he shall go to work as soon as he is able: *provided*, said wages shall in no case run more than six months without regular and faithful labor performed by him, the said Sam. Carlton. And in case the injury is permanent in its character, but does not result in the loss of a limb, the measure of damages, including wages paid while he is not

at work, shall in no case exceed five hundred dollars.   And in case of the loss of a limb, the damages and wages claimed of the company shall in no case exceed one thousand dollars."

The defendant says that, in accordance with said contract, it made a settlement with said Carlton, as follows:

"While employed by the Western and Atlantic Railroad Company upon its road, I was injured on or about the 17th day of February, by being jerked off a car and having my hips and back injured; and the Western & Atlantic Railroad Co. having agreed to pay thirty-two and fifty one-hundredths dollars in full for all wages due me to date, and in full for all damage which I have sustained on account of said injury, I hereby acknowledge receipt of said sum in full satisfaction as aforesaid, and in full of all demands to this date.

"Atlanta, Ga., M'ch 19th, 1886.

(Signed)   S. M. CARLTON."

"Approved, W. C. MORRILL, V. P.

1. On the trial, Carlton was put upon the stand to show the manner in which he was injured, and while upon the stand, the defendant's counsel, exhibiting the above receipt to him, asked him, "Is that your signature?   Who was present when you signed it?"   And in answer the witness testified that it was his signature, and that Mr. Morrill (the vice-president of the defendant company) was present and gave him an order for his month's wages.   Counsel for the plaintiff thereupon asked him to explain the circumstances under which he had signed the paper; and the witness went on to state that a part of the paper he had signed was in print and part in writing, and that the paper above referred to was not the paper he had signed.   It being shown that Morrill was dead, the court rejected this testimony upon the ground that the opposite party was dead; and this is assigned as error.   We think it was competent for the plaintiff, under the circumstances, to explain how it came about that he signed the paper, and whether or not the paper exhibited was the paper

he did sign. The defendant having asked him if he had signed the paper, the matter was opened for explanation on his part, to show the circumstances under which he signed. The court, therefore, erred in ruling that the testimony was incompetent.

2. Error is also assigned upon the ruling of the court that the defendant was not obliged to produce, in response to notice from the plaintiff, a written report made by its conductor of the injury of the plaintiff and the circumstances under which it was inflicted, which notice had been properly served on the defendant. The record fails to show that the plaintiff made an oath as to the materiality of this testimony, or whether the paper was in the possession of the defendant or not; and counsel did not state in their place such to be the fact. We therefore think there was no error on the part of the court in refusing to compel the production of the paper. Had the requirements of the statute been complied with, we see no reason why the paper should not have been produced. We do not understand such a report to be a privileged communication. It seems that it was a report which the company, by its rules, required the conductor to make where a party was injured, as to the circumstances and character of the injury—a very good rule for the protection of the company and of the employé.

3. The last ground of error alleged is, that the court erred in charging the jury as follows : "There being no conflict whatever in the evidence as to this settlement, the court feels bound to instruct the jury as to the legal effect of that contract of settlement ; and the legal effect of that contract of settlement, upon the undisputed evidence of this case, bars the right of the plaintiff to recover." This charge, we think, was error. What was settled between the parties, and what did the plaintiff re-

ceive? He received his wages for one month; the wages which the company by its contract had bound itself to pay him. Any agreement on his part to receive his wages in satisfaction of the damages he might be entitled to on account of injury sustained by him by reason of the company's negligence, would be a *nudum pactum*, and would not bar his recovery. It does not appear that the wages were in dispute. It was shown that he was entitled to $1.25 a day; and that he was paid for a month of working days, which amounted to $32.50. To this amount he was entitled; and he was entitled to more. The company was bound, by the contract entered into at the time of his employment, to pay him his wages for six months, or until his recovery, in case of his being injured by the company's negligence. And the fact that they paid him the wages is good evidence that he was injured by the negligence of the company. Indeed, he showed by his evidence that he was hurt without fault on his own part, and the presumption in such case is that the company was at fault. But if he received the amount stated, or less than that, in satisfaction of this wages, he would be bound by it, so far as his wages were concerned. But it does not appear that he received anything at all for his damages. We think, therefore, that the court erred in its charge to the jury and in the construction placed upon this instrument. It should have been left to the jury to determine whether or not the wages, as well as the damages, were in dispute; and it was for them to determine whether or not the settlement covered all.

Judgment reversed.