## SOUTHERN RAILWAY COMPANY *v.* WHITE.

1. The evidence in this case showing that the plaintiff had entered into an express contract in which it was agreed that the defendant would not be liable for loss of baggage beyond its own line, and that the baggage alleged to have been lost was delivered by the defendant to the connecting line and not returned to the defendant, a recovery for the plaintiff was unwarranted.

2. Statements made in letters written by a client to his attorney, concerning matters connected with litigation which the attorney has been employed by the client to conduct, are confidential communications, and are inadmissible in evidence against the client.

3. The pauper affidavit made by a plaintiff in a suit in a justice's court brought to recover against a railway company for the loss of a trunk and contents, in order to appeal the case to the superior court, is not admissible on the trial of the case in that court to show that the plaintiff's financial condition was such that she did not probably own the property claimed to have been contained in the trunk.

Submitted May 18, — Decided July 21, 1899.

Certiorari.   Before   Judge   Sweat.   Glynn   superior court. December term, 1898.

*Goodyear & Kay* and *R. D. Meader*, for plaintiff in error.
*D. W. Krauss*, contra.

FISH, J.   Sylvia  White  brought  suit  in  the  justice's  court against  the  Southern  Railway  Company,  for  damages  alleged to  have  been  sustained by the  loss  of  a  trunk  which  she as a passenger had delivered to the defendant at Atlanta, and which it  had  undertaken  to  transport  to  the  Island  of  St.  Simon's. Upon the trial in that court a judgment was rendered in favor of the defendant.   The plaintiff appealed to the superior court, and on the trial there a verdict was rendered in her favor for the value of the trunk and contents.   It appears from the record, that on June 29, 1896, a coupon ticket was purchased from the defendant which entitled the purchaser to passage over its road  from  Atlanta  to  Brunswick  and  return,  and  also  from Brunswick to St. Simon's Island and return with the St. Simon's Transit Company; there being a separate coupon in the ticket for each company whose line was embraced in the route.   That part of the ticket which preceded the coupons was in the form of  a  contract,  and  contained,  among  others,  this  stipulation :

"In selling this ticket the Southern Railway Company acts only as agents for the other lines represented in it, and is not responsible beyond its own lines, either for injury to the passenger or for damage or loss of baggage carried under it." The ticket was signed: "Alice White, x her mark, original purchaser." The plaintiff swore that the ticket she travelled on was bought in Atlanta for her by a Mr. Moore. It appears that Alice White was the daughter of plaintiff, and that about two weeks after her mother left Atlanta she bought a round-trip ticket from Atlanta to Brunswick and return. The evidence is clear that the trunk and nearly, if not all, its contents belonged to the mother, and that it was delivered by her to the defendant to be transported to the place of her destination. The plaintiff testified that when Moore bought the ticket for her she was standing outside on the street and did not go to the ticket-agent, though there is evidence tending to show that she did go to the agent and told him to sign her name to the ticket. In any event the evidence is clear that Moore had authority from plaintiff to purchase a ticket for her, and that she accepted the ticket purchased; and there is no other reasonable inference from the record than that this ticket was the one offered in evidence, purporting to be signed by Alice White. The evidence is uncontradicted that the trunk of plaintiff was checked to St. Simon's and was delivered to the St. Simon's Transit Company for transportation to the island; and while there was some vague intimation in the evidence of some of the witnesses that the trunk was possibly sent back to the defendant at Brunswick by the proprietor of a hotel at St. Simon's, it was not sufficient to authorize a finding that this was in fact done. It is safe to say that the uncontradicted evidence establishes that the trunk was delivered by the defendant to the St. Simon's Transit Company and was never returned to the defendant. The defendant made a motion for a new trial, which was overruled, and the defendant excepted.

1. Whatever may be the law in other jurisdictions, it is settled in this State that where a carrier sells a passenger a ticket over its line of road and connecting lines, it will, in the absence of a special contract to the contrary, be liable in damages for

the negligent loss of such passenger's baggage either by its own servants or the servants of the connecting lines. *Hawley* v. *Screven*, 62 *Ga.* 347. The initial carrier may of course make a contract with the passenger that for injury to himself or his baggage, or the loss thereof, by a connecting line, he must look to such line for his damage. This principle is not disputed in the present case, but it is contended that no express contract was entered into, and that hence the rule laid down in section 2276 of the Civil Code, to the effect that a carrier may not limit its liability by any entry on a ticket unless that ticket is an express contract between the carrier and the passenger, is applicable. We think, however, that the evidence shows that an express contract was made. The plaintiff constituted Moore her agent to purchase for her a ticket. Acting in accordance with the authority conferred upon him, he exercised his discretion and bought a reduced rate round-trip ticket from Atlanta to St. Simon's and return. If Moore had authority to purchase the ticket and make the contract of carriage for his principal, she is of course bound by its stipulations. It is contended, however, that the jury could have found that the ticket introduced in evidence and purporting to have been signed by Alice White was not the ticket which the plaintiff purchased. There was no other ticket produced at the trial, nor was there any evidence showing that the ticket purchased by Moore for the plaintiff had been lost or destroyed. The ticket signed "Alice White" was admitted in evidence without objection; and, taking the evidence as a whole, no other conclusion can be reached except that this was the ticket which Moore purchased for the plaintiff and the one used by her to obtain transportation to Brunswick, where she left the train. According to the undisputed evidence, Alice White did not leave Atlanta until some two weeks after her mother, and when she did she purchased a ticket from Atlanta to Brunswick and return, whereas the ticket introduced in evidence was to St. Simon's and return. Plaintiff also alleged in the summons that she bought a ticket from Atlanta to Brunswick and also to St. Simon's. Alice White had no trunk. The trunk lost was delivered to the St. Simon's Transit Company. Taking all these

facts into consideration, we think the evidence demanded a finding that the ticket in evidence was purchased for the plaintiff by Moore, and that the contract therein contained was made by him in her behalf, and that the ticket purchased was the one upon which the trunk was checked and the plaintiff transported to Brunswick. That the contract was made for her by her agent in a wrong name and that she could not read would not affect the validity of the contract contained in the ticket, which she accepted and used; there being no suggestion that any fraud was perpetrated upon her either by her agent or by the company in reference to the sale of the ticket. Under the facts disclosed by the present record, the verdict in favor of the plaintiff was unwarranted.

2. Complaint is made that the court erred in excluding the evidence of a witness who would have testified that at the request of the plaintiff she had written and signed in the name of the plaintiff a letter to an attorney then representing plaintiff, in which were stated facts leading to the conclusion that the contents of the lost trunk belonged to her daughter; the purpose of the testimony being to lay the foundation for the introduction of the letter. It appeared that the letter had been transmitted to the defendant's counsel by the attorney to whom it was addressed, with a letter from him urging that something be done for plaintiff's daughter as soon as possible. There was no error in this ruling. The circumstances under which the defendant's counsel came into possession of the letter would not render it admissible. It was a confidential communication from client to attorney, and is protected by the terms of section 5198 and 5199 of the Civil Code. See *Fire Association* v. *Fleming*, 78 *Ga.* 733.

3. There was no error in excluding the pauper affidavit made by the plaintiff for the purpose of carrying the case to the superior court without the payment of costs. This affidavit could not possibly throw any light on the issue as to whether the plaintiff's financial condition was such as to make it probable that she owned the articles claimed to have been in trunk. See in this connection *Harrison* v. *Langston*, 100 *Ga.* 394.    *Judgment reversed. All the Justices concurring.*