### 8717. ATLANTIC COAST LINE RAILROAD COMPANY v. WILLIAMS.

1. Upon a first application for a new trial based in part on discretionary grounds, the trial judge must exercise his discretion in passing on the evidence. Thus, where the order overruling the motion for a new trial is not susceptible of the interpretation that the verdict which it is sought to set aside was approved by the trial judge in the exercise of a sound legal discretion, but where, on the contrary, the

order clearly indicates that although the trial judge did not himself approve the finding, it was nevertheless reluctantly allowed to stand because of the fact that the issues had been passed upon by the jury after having been fairly submitted, the order overruling the motion must be reversed, unless the evidence was such as to demand the verdict as rendered. *Central Railway Co.* v. *Harden,* 113 *Ga.* 453 (38 S. E. 949); *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606); *Thompson* v. *Warren,* 118 *Ga.* 644 (45 S. E. 912); *Seaboard Air-Line Railway* v. *Randolph,* 129 *Ga.* 796 (59 S. E. 1110); *Savannah Electric Co.* v. *Lackens,* 12 *Ga. App.* 765, 767 (79 S. E. 53); *Martin* v. *Bank of Leesburg,* 137 *Ga.* 285 (8) (73 S. E. 387).

2. A report by operating agents of a railway company to its superintendent of transportation, made for the purpose of being submitted to the company's counsel in order that counsel might advise it as to whether or not there was liability on its part for anything connected with the transaction reported, and to enable such counsel to prepare for the defense of the defendant if litigation should arise out of the occurrence, which report was duly transmitted into the hands of such counsel as its proper custodian, constitutes a privileged communication, and its production can not be enforced by the adverse party in a suit for damages growing out of the occurrence so reported; and this is true although the report might have been made at a time so nearly contemporaneous with the transaction itself as might ordinarily permit its being received as a part of the res gestæ thereof.

DECIDED DECEMBER 14, 1917.

Action for damages; from Mitchell superior court—Judge Cox. December 26, 1916.

This was a suit by a passenger claiming damages for an alleged illegal assault by the operating officials of the railroad company, and an unwarranted ejectment from the train, followed by an unjustified arrest and detention of the plaintiff, alleged to have been instigated by the defendant's officials. The order of the trial judge overruling the motion for a new trial was in terms as follows: "The motion for a new trial in the above-stated cause regularly coming on for hearing before me at this time and place, and after hearing argument of counsel, the court wishes to make the observation that he was not impressed with the plaintiff in this case, nor with his testimony or his case. The evidence tended to show that he boarded defendant's train in an intoxicated or semi-intoxicated condition, and that he was probably at fault in the alleged first difficulty upon defendant's train, and brought upon himself the assault complained of; but this does not so strongly appear to be the case as to the alleged second assault or trouble. The court, however, is impressed with the idea that the issues in the case were

fairly submitted, and the jury having passed upon the same, a new trial is reluctantly refused movant."

The record shows, that, on the day of the occurrence on which the plaintiff bases his claim for recovery, the conductor of the train made out and signed a report on a regular printed form, covering the events involved in the controversy, and forwarded it to the superintendent of transportation of the defendant company; that notice to produce this report at the trial, in order that it might be used as evidence by the plaintiff, was served on the defendant and its counsel; and that at the trial counsel for the defendant objected to its production, on the grounds that "they were in custody of said report in their capacity as counsel and attorneys for said defendant; that they, as division counsel of the defendant, were the official custodians of these reports; that said report was made out by the agent of the defendant for the purpose of being submitted to defendant's counsel for the purpose of having defendant's counsel advise defendant as to whether or not there was any liability on the part of the defendant for anything connected with the transaction reported, and to enable said counsel to prepare for the defense of the defendant, if litigation ensued; and that said report was therefore a confidential communication between client and attorneys, and was a paper of clients held by the attorneys." The record shows that this statement was accepted as evidence, and was not disputed.

*Pope & Bennet, Peacock & Gardner,* for plaintiff in error.

*E. M. Davis,* contra.

JENKINS, J. (After stating the foregoing facts.)

The rule given in the first headnote is sufficiently supported by the authorities there cited.

Under the rule governing in this State, the sayings of an agent are admissible against the principal only upon the theory that they are a part of the res gestæ. Civil Code (1910), § 3606; *Evans* v. *Atlanta &c. R. Co.,* 56 Ga. 498; *Georgia Ry. &c. Co.* v. *Harris,* 1 Ga. App. 714 (2), 718 (57 S. E. 1076). But see also *Charleston &c. Ry. Co.* v. *Brown,* 13 Ga. App. 744, 750 (79 S. E. 932). In order that the declarations of persons competent to make them may constitute a part of the res gestæ, it is not required that they be precisely concurrent in point of time with the principle transaction; but if, springing from it and tending to

explain it, they are spontaneously made at a time so near as to preclude the idea of afterthought or of a design to misrepresent, they will ordinarily be regarded as so nearly contemporaneous as to be admissible. It will be observed, however, that the objection made to the production and introduction of the conductor's report is not based to any extent upon the theory that it could not be considered as a part of the res gestæ of the transaction, but rests entirely upon the ground of the confidential character of the report; and thus, pretermitting any consideration of the question as to whether or not the communication was in fact such as might ordinarily constitute a part of the res gestæ, the only question we are called upon to determine is whether or not, even though such was the case, the report was of such a confidential and privileged nature as would preclude its production on behalf of the adverse party. In *Carlton* v. *Western & Atlantic R. Co.,* 81 *Ga.* 531 (7. S. E. 623), in which it was held that the court did not err in refusing to require the production of the report of a railroad conductor as to the circumstances and character of injuries caused by operation of its trains, Blandford, J., said: "Had the requirements of the statute been complied with, we see no reason why the paper should not have been produced. We do not understand such a report to be a privileged communication." However, it was said by the Supreme Court, speaking through Chief Justice Bleckley in the case of *Carroll* v. *East Tennessee &c. Ry. Co.,* 82 *Ga.* 452, 473 (10 S. E. 163, 6 L. R. A. 214), that the opinion in the *Carlton* case, supra, was not a decision upon the admissibility of such reports, and that the question as to whether or not such a communication was privileged was not there involved so as to render a decision of it necessary. The fourth headnote of the decision in the *Carroll* case, supra, is as follows: "Reports to the general manager of the company touching the facts, circumstances, and results of a railway accident, and who was to blame therefor, made several days after the event, by the superintendent and the conductor, supported by the affidavit of the latter and of several other employees, are not admissible in evidence to affect the company, whether such reports were exacted and made under standing rules requiring the same, or under special orders for the particular occasion, no question of notice to the company being involved in the controversy." In discussing this case, however, Chief

Justice Bleckley said: "Having had their origin many days after the happening of the events to which they related, they were no part of the res gestæ of the cause of action on trial, but were mere narrative touching past occurrences." Since it was thus specifically held that the communication in the *Carroll* case could not be taken as a part of the res gestæ, the ruling there made is not directly and completely controlling upon the question now before us. It will be noted that nowhere does it appear in the *Carlton* case, supra, that the report was made for the purpose of being submitted to counsel with the view of receiving his professional advice as to liability growing out of the transaction reported, and of enabling counsel to prepare the defense for the company in the event litigation should ensue. The purport of the ruling in the *Carroll* case was that such a report, though made by its own servants and officials, can not be taken as an admission against the company to which it was made; at least where it does not appear that the communication constituted a part of the res gestæ of the transaction involved. In the *Carroll* case, as in the *Carlton* case, there is nothing to indicate that the report was made for the purpose of being submitted to the company's attorney for his guidance in anticipated litigation. The question which presents itself now is, whether such a report, even though it might ordinarily be considered a part of the res gestæ, is nevertheless exempt from the notice to produce served by the opposite party, on the ground of its privileged character, because of the fact that it came into existence as a result of communications between attorney and client with a view to future litigation.

It has been stated, as a general rule, that communications between principal and agent, or master and servant, or other communications made in the ordinary course of business, are not in any way privileged, but may be given in evidence. 23 Am. & Eng. Enc. of Law (2d ed.), 100 (1). But this rule must be construed in the light of the principle already stated, that the declarations of an agent can be admitted against his principal only when they constitute a part of the res gestæ of the transaction. Confidential communications between a principal and his agent are not relevant merely as admissions. Re Devala Provident Gold Min. Co., L. R. 22 Ch. Div. 593. Thus, the effect of the ruling in the *Carroll* case, supra, was to hold that if the report there involved was admissi-

ble at all, it was not because of its relevancy merely as the admission of an agent of the defendant or because of its reception by the company, but only on the theory that it constituted a part of the res gestæ; but whether or not it would even then be admissible was not in fact decided, and that too in a case where the relationship of attorney and client was not involved. But, assuming that the communication involved in the case now under consideration could be taken as being what would ordinarily constitute a part of the res gestæ, does the fact that it was made in the manner and for the privileged purpose set out by the defendant, prevent its production and use by the adverse party? The rule laid down in 23 Am. & Eng. Enc. of Law (2d ed.), 100, is as follows: "A statement submitted by an agent to his principal at the request of the latter, for the purpose of being laid before an attorney for his advice or opinion, for guidance in litigation, is privileged." This rule has been followed in numerous adjudications by courts of this country. See Davenport Co. v. Pennsylvania Railroad, 166 Pa. St. 480 (31 Atl. 245); Cully v. Northern P. R. Co., 35 Wash. 241 (77 Pac. 202); Re Schoepf, 74 Ohio St. 1 (77 N. E. 276, 6 L. R. A. (N. S.), 325). In the latter case the court held: "Where, pursuant to a standing rule of the company, a report was made to the company's claim agent, by the conductor and motorman of an electric car, of an accident in which a passenger was injured, and detailing the circumstances of the accident, which report was made for the information of the claim agent for the purpose of settlement, or for use of counsel in case of suit against the company; and such report remained in the custody of the claim agent until suit was commenced against the company for injury received in such accident, when it was turned over to, and has ever since remained in the possession of, the company's counsel,—such report is a privileged communication, and its production can not be enforced in the taking of depositions in such suit before the trial." The rule here indicated has not been uniformly followed, especially by the English cases, as is stated by the editor's note to the latter case as reported in L. R. A. There it is stated that the English courts lay down the following rules: (1) "When an accident happens, and the agents of the corporation, in the course of their ordinary duty, make a report to the company, whether before or after action brought, that report is

not privileged, and is subject to inspection." (2) "But where a claim has been made, and the company seeks to inform itself by a medical examination as to the condition of the person making the claim, that report is privileged, and inspection is not granted." (3) "And reports are privileged which are procured by, or at the instance of, the corporation's solicitor, after action brought against the corporation, for the purpose of enabling him to conduct the legal proceedings." The English precedents as to the first proposition are, however, certainly not in harmony with the rule adopted by our Supreme Court, as laid down by Chief Justice Bleckley in *Carroll* v. *East Tennessee &c. Ry. Co.*, supra; and in our opinion the reasoning of that case is in entire harmony with the doctrine set forth by the American cases above cited.

The rule as quoted from the decision of the Supreme Court of Ohio appears to be founded upon principles of reason, justice, and fairness, and comports with the ruling made in *Southern Railway Co.* v. *White,* 108 *Ga.* 201 (2) (33 S. E. 952), where it was held: "Statements made in letters written by a client to his attorney, concerning matters connected with litigation which the attorney has been employed by the client to conduct, are confidential communications, and are inadmissible in evidence against the client." It is also within the spirit and reason of the language used by Chief Justice Bleckley in the *Carroll* case, where he said: "It surely can not be sound law to hold that by collecting information, whether under general rules or special orders, and whether from its own officers, agents and employees, or others, a corporation acquires and takes such information at the peril of having it treated as its own admissions, should litigation subsequently arise touching the subject-matter." It does not seem that this just right and privilege should be denied merely because it happens that, in taking such information for the benefit of its counsel, such a report, though made entirely subsequent to the actual occurrence and in no way entering into and affecting the transaction itself, yet was so closely proximate thereto as would ordinarily permit its being taken as a part of the res gestæ. In other words, we do not think that a report made for this purpose, and entirely disconnected with the transaction itself, could properly be treated as a part of the res gestæ, even though made at a time so nearly contemporaneous with the transaction as would ordinarily permit

its being so considered. The time when statements may be made can not in all cases be taken to absolutely govern the determination of the question as to whether or not they constitute a part of the res .gestæ, but each case turns on its own circumstances, and the inquiry is into events rather than into the precise time which has elapsed. *Hall* v. *State,* 48 *Ga.* 607.

Able counsel for the defendant in error, in his brief and argument, which is exceptionally strong and clear, in our opinion very properly states that if the mere placing of such a report in the hands of an attorney would of itself work a bar to its production for the purpose of being used in testimony, it would then be impossible to compel any defendant or any plaintiff to produce any kind of paper, deed, book, or record, to be used in the trial of a case; because, if this were the rule, a party to a suit holding any instrument which he might not wish to produce and disclose would simply need to place it in the hands of his attorney, and then claim that it was exempt from production because of such custody. As we understand the rule, certainly as applying to papers and documents not pre-existent, an attorney may be compelled to produce in evidence any paper or record in his possession belonging to his client which the client himself could be compelled to produce, the test being as to whether the document would, independently of a professional privilege, have been exempt from production in the hands of the client himself. But where the existence itself of the document grows out of and is owing to the relationship subsisting between attorney and client, and as a result of communications thus had, it is for that reason privileged in the hands of the attorney. *Pearson* v. *Yoder,* 39 Okla. 105 (48 L. R. A. (N. S.) 334, 134 Pac. 421, Ann. Cas. 1916A, 62). It is further contended by counsel for the defendant in error that the report of the conductor was relevant for the reason that by it the defendant company became charged with notice of the occurrence, after which notice, as was alleged in the petition, it continued to keep the officials in its employment, thereby rendering itself liable to additional or aggravated damages by reason of such implied ratification. *Gasway* v. *Atlanta &c. R. Co.,* 58 *Ga.* 217 (4); *Western & Atlantic Railroad Co.* v. *Turner,* 72 *Ga.* 292, 296 (53 Am. R. 842). If, however, the report was confidential and privileged, we do not think its contents should be forcibly disclosed for such a purpose,

although the fact that such report had been made and furnished might well be admissible and entirely relevant. *Rylee* v. *Bank of Statham,* 7 *Ga. App.* 489 (67 S. E. 383).

Judgment reversed. *Wade, C. J., and Luke, J., concur.*