## 24136. ATLANTA COCA-COLA BOTTLING COMPANY *v.* GOSS.

Decided February 2, 1935. Rehearing denied February 26, 1935.

*Harold Hirsch, Marion Smith, T. J. Long,* for plaintiff in error.
*Edith Campbell, John I. Kelley,* contra.

Jenkins, P. J. This is a suit for pain and suffering and other damage alleged to have been sustained from swallowing pieces of glass while drinking from a bottle of coca-cola, sold by the defendant to a retail merchant and by him sold to the plaintiff. The plaintiff, the merchant, and three other apparently disinterested eye-witnesses swore that the plaintiff drank from the bottle, consumed most of the beverage, and expectorated several pieces of glass out on the floor; and that several pieces of glass remained in the bottle. The plaintiff testified that he swallowed some of the glass. This testimony was controverted only by indirect evidence

of the defendant as to its care in the processes of bottling and inspecting the filled bottles. The jury returned a verdict in favor of the plaintiff for $250. The general grounds of the defendant's motion for new trial are expressly abandoned; and its contentions are limited to the special ground relating to the exclusion, as a privileged communication, of testimony from an attorney at law, not engaged in the trial, to the effect that, three or four days before the filing of the suit, the plaintiff, while consulting him and seeking his advice as a lawyer, brought with him a bottle, which the witness identified as the same or exactly like the bottle in evidence; that it was the "recollection" of the witness that "the bottle was full of coca-cola, something of that color, apparently it had not been uncapped," the cap being on the bottle; and that there was considerably more glass in the bottle than there was when he testified. According to the testimony of the witnesses in the trial, the time when the plaintiff drank from the bottle at the store of the merchant was 15 days before the time of the filing of the suit. It is the contention of the bottling company that this evidence would have authorized the jury to find that the plaintiff had not removed the cap from the bottle and had not consumed any portion of its contents, and that if he consumed any part thereafter, his injury would have been brought about by his own negligence after discovering the presence of glass in the bottle. It is further contended that the evidence was not subject to the objection of privilege, because it "authorized the jury to conclude that the plaintiff in said case conferred with said attorney for the purpose of the future commission of a fraud upon the court and upon the defendant."

1. "Communications to any attorney, or his clerk, to be transmitted to the attorney, pending his employment, or in anticipation thereof, shall never be heard by the court." Civil Code (1910), § 5786. Under these provisions, "an attorney at law is neither compellable nor competent to testify to any matter or thing, knowledge of which he may have acquired 'by reason of the anticipated employment by him as attorney' by one seeking his professional aid and advice. And this is true whether, as matter of fact, the attorney so consulted is, or is not, afterwards employed to undertake the service concerning which the confidential communication sought to be introduced in evidence was made." *Peek* v. *Boone,* 90 *Ga.* 768 (17 S. E. 66) ; *So. Ry. Co.* v. *White,* 108 *Ga.* 201 (2)

(33 S. E. 952); *Freeman* v. *Brewster,* 93 *Ga.* 648 (5) (21 S. E. 165). This privilege is not limited to the attorney, but is a rule of law for the protection of the client. *Stone* v. *Minter,* 111 *Ga.* 45, 49 (36 S. E. 321, 50 L. R. A. 356). It is not confined to matters related to pending or proposed litigation, but extends to all cases where the attorney is consulted by the client in the line of his profession. 40 Cyc. 2372, note 57, and cit. As to violations of law or commission of fraud, however, the protection extends only to communications after the act or transaction is finished. It does not cover communications respecting proposed infractions of the law in the commission of a crime or the perpetration of a fraud. Wigmore on Evidence, § 2298; Taylor v. Evans (Tex.), 29 S. W. 172; Matthews v. Hoagland, 48 N. J. Eq. 455 (21 Atl. 1054); 40 C. J. 2373, and cit. "The privileged communication may be a shield of defense as to crimes already committed, but it can not be used as a sword or weapon of offense to enable persons to carry out contemplated crimes against society," frauds, or perjuries. Gebhardt v. United Railways Co. (Mo.), 220 S. W. 677.

2. Under the American and English cases with regard to the exception which lifts the bar of privilege from proposed future frauds, as the United States Supreme Court has said: "There are early cases apparently to the effect that a mere charge of illegality, not supported by any evidence, will set the confidences free. . . But this conception of the privilege is without support in later rulings." The court held: "It is obvious that it would be absurd to say that the privilege could be got rid of merely by making a charge of fraud. . . To drive the privilege away, there must be something to give color of the charge; there must be prima facie evidence that it has some foundation in fact. . . When that evidence is supplied, the seal of secrecy is broken." Clark v. U. S., 289 U. S. 1, 15 (53 Sup. Ct. 465, 77 L. ed. 993).

3. Assuming in the instant case, as contended by the bottling company, that the excluded testimony of the attorney as to the plaintiff's calling on him for legal advice while in possession of the bottle in question, according to the attorney's recollection, "full of coca-cola" or "something of that color," apparently not uncapped, and containing more glass in the bottle than there was at the trial, was in itself alone sufficiently positive that, unexplained, it would have tended to show that the plaintiff never previously drank from

the bottle, and that it would have thus rebutted the testimony of alleged eye-witnesses besides the plaintiff, the offered evidence was insufficient, under the preceding rule, to show any contemplated future fraud on the part of the plaintiff. Only the physical condition of the bottle as it appeared according to the attorney's recollection was in evidence in support of such a charge. Nothing was shown as to how, or by whom, or why the bottle was filled as it was when exhibited to the attorney, or as to any assistance or advice being sought for the perpetration of any fraud, or as to the plaintiff having said or done anything, other than showing the bottle, to indicate any intention to commit a fraud on the court, the defendant, or any one. Without anything appearing as to the facts and circumstances of the bottle's appearance, this mere physical condition might indicate—consistently with the plaintiff's innocence of action and intent, and without otherwise in effect imputing wholesale perjury to the alleged eye-witnesses of the previous opening and partial emptying of the bottle—that the plaintiff might have recapped and refilled the bottle or had it refilled, after the first opening, for experiment, test, or demonstration to the attorney as to just how it appeared at the time of the past injury, and as to just how the past injury occurred. This and other reasonable theories, explanatory of the otherwise apparently unreasonable and otherwise purposeless exhibition of the unopened and unemptied bottle to the attorney, were more consistent with an innocent than with any conceivable guilty purpose of the plaintiff with reference to the transaction, which, according to the testimony, had already occurred more than ten days before the attorney was consulted. The defendant failed to show a prima facie case of fraudulent intent, and the court did not err in excluding the evidence under the rule of privilege.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*