METROPOLITAN LIFE INSURANCE CO. *v.* SAUL.

No. 10764. March 31, 1936.

*Smith, Smith & Bloodworth,* for plaintiff in error.
*A. S. Grove,* contra.

Per Curiam. A policy of life insurance contained the following provisions: "If, after this policy has been in force one full year, and before default in the payment of any subsequent premium, the company receives due proof that the insured, before attaining the age of sixty years, has become wholly and permanently disabled by bodily injury or disease, so that he is and will be permanently, continuously, and wholly prevented thereby from performing any work for compensation or profit, the company will waive payment of each premium as it thereafter becomes due during the insured's said disability. Any premium so waived shall not be deducted from the sum payable hereunder, and the values provided for under the provision 'Options on Surrender or Lapse' shall be the same as if such premiums had been paid in cash. Provided, that always, notwithstanding proof of disability may have been accepted by the company as satisfactory, the insured shall at any time, on demand from the company, furnish due proof of the continuance of such disability; and if the insured shall fail to furnish such proof, or if the insured is able to perform any work or to follow any occupation whatsoever for compensation, or profit, all premiums thereafter falling due must be paid in conformity with the conditions of this policy." Also, that "if there be no written assignment of this policy on file with the company, the insured may (while the policy is in force) designate a new beneficiary, with or without reserving right of change thereafter, by filing written notice at the home office of the company, accompanied by the policy for suitable endorsement." The policy was payable, not to the estate of the insured, but to the wife and daughters of the insured, jointly or to the survivors or survivor. The insured assigned the policy to the company as security for a loan, and this assignment was in force at the time the present suit was instituted. The suit was filed against the company by

the insured, and was several times amended in response to demurrers. Finally the demurrers with certain exceptions were overruled, and the insurance company excepted. A copy of the policy was attached to the petition as amended, and from it the names of the beneficiaries appeared. They were not parties to the case. The insured, defendant in error, moved to dismiss the writ of error, because the beneficiaries were not served with a copy of the bill of exceptions in accordance with the Code of 1933, § 6-916. The suit was instituted for the purpose of enforcing the clause as to waiver of premiums as first quoted above, and for recovery of premiums paid. The plaintiff also prayed for specific performance of this provision, and for injunction to restrain the defendant from "lapsing" the policy, and from demanding further premiums pending the plaintiff's alleged disability.

The plaintiff averred that he was wholly and permanently disabled within the meaning of this clause of the policy, and that he had submitted due proof of this fact. He made other allegations for the purpose of showing that he was for the time being entitled to the benefit of this clause. He alleged that the company refused to recognize the disability or to waive the payment of premiums, notwithstanding he had furnished legal and sufficient proof thereof as required by the policy; also that the company threatened to lapse the policy for non-payment of premiums, and would do so unless he continued to pay the premiums as though he were not disabled. Besides asking for a recovery of premiums paid after the furnishing of proof of disability but before the suit was instituted, the plaintiff amended his petition by alleging that he had made a number of payments after the suit was filed, for which he prayed a recovery. The amounts of premiums alleged to have been paid both before and after the filing of the suit were specifically set forth in the petition. As to the payments made after the suit was filed, the court had ordered that they be made without prejudice. These payments were received and accepted by the company with knowledge of this order. The plaintiff alleged that the refusal of the company to recognize his disability as shown by the proof submitted was in bad faith, and that he was entitled to recover attorney's fees and damages on the basis of the premiums paid, invoking for this recovery the provisions of the Code of 1933, § 56-706.

There is no merit in the motion to dismiss the writ of error. Nor was the petition as amended subject to any of the grounds of the demurrer, except those relating to the claim for attorney's fees and damages. As stated above, the policy contained the provision that, "notwithstanding proof of disability may have been accepted by the company as satisfactory, the insured shall at any time, on demand from the company, furnish due proof of the continuance of such disability; and if the insured shall fail to furnish such proof, or if the insured is able to perform any work or to follow any occupation whatsoever for compensation, or profit, all premiums thereafter falling due must be paid in conformity with the conditions of this policy." No right of the company under this clause is now involved, but in view of it and in regard to the disability it is simply held that, under the allegations made, the plaintiff is entitled to a waiver of premiums for the time being; that is, during the continuance of the disability since the alleged furnishing of the proof as required by the policy. An adjudication beyond this on the pleadings can not be made under this record, and the effect of the stipulation last quoted is not determined. Compare *Woodall* v. *Fidelity & Casualty Co.*, 131 *Ga.* 517 (62 S. E. 808) ; *Penn Mutual Life Insurance Co.* v. *Milton,* 160 *Ga.* 168 (127 S. E. 140, 40 A. L. R. 1382) , s. c. 33 *Ga. App.* 634 (2) (127 S. E. 798) ; *Prudential Insurance Co.* v. *South,* 179 *Ga.* 653, 659 (177 S. E. 499) ; *Federal Life Insurance Co.* v. *Hurst,* 43 *Ga. App.* 840 (4) (160 S. E. 533). The rulings stated in the headnotes do not require further elaboration.

*Judgment reversed in part and affirmed in part. All the Justices concur.*