## SAUL v. METROPOLITAN LIFE INS. CO.
### No. 827.

District Court, N. D. Georgia,
Atlanta Division.

July 14, 1937.

· A. S. Grove, of Atlanta, Ga., for complainant.

Smith, Smith & Bloodworth, of Atlanta, Ga., for defendant.

SIBLEY, Circuit Judge.

The motion to remand is based on the ground that the right of removal was. lost by a failure to assert it at or before the time the defendant was required to plead in the state court, to wit, September 28, 1934. To uphold the removal, the defendant says that it was sought so soon as the plaintiff by an amendment of his petition on January 8, 1937, disclosed the amount in controversy to be in excess of $3,-000. The plaintiff replies that the amendment did not at all change the amount in controversy or render the case for the first time removable.

The original petition set up that the plaintiff held a policy of life insurance of $41,000 issued by the defendant, which required payment of quarterly premiums of $539 each, but provided that if insured before the age of sixty became totally and permanently disabled, on proof thereof the company would waive the payment of premiums thereafter becoming due during the disability; that before becoming sixty years old the insured in 1931 became thus disabled because of kidney trouble and arteriosclerosis, which were incurable and progressive, and total blindness, and had early in 1934 made proof of it, but the company had required payment of the premiums and refused to waive them; that for stated reasons there was no adequate remedy at law and the suit was brought in equity to establish the right to have premiums waived and to recover those paid since the disability occurred in an amount of $6,000. The prayers were for a judgment for $6,000 and for a statutory penalty and attorney's fees, and for a preliminary and permanent injunction against the collection of any further premiums, or the forfeiting of the policy, or changing its status, and for general relief. The petition was returnable to the September term, 1934, of the superior court of Fulton county, at which time

the Georgia law required the defendant to plead. That court holds a term each two months. A preliminary injunction was granted. The injunction was afterwards modified to permit the payment of the pending premium without prejudice to the rights of the parties. Before the time for the defendant to plead, plaintiff amended so as to claim recovery for past premiums paid only since proof of disability was made, and judgment was prayed for only $1,100 of back premiums. The pleadings thus stood when demurrer and answer were filed by defendant September 28, 1934. The plaintiff again amended November 27, 1934, reducing his claim for premiums paid before suit to $539, but formally praying specific performance of the waiver agreement in the policy and alleging that he had already paid two more premiums since the suit was filed, under order of the court and without prejudice, and he prayed that all premiums so paid pending suit should be without prejudice and with a right to recover them back if he sustained his claim to be totally and permanently disabled. The defendant demurred to this amendment, and to the petition as amended, and carried an adverse decision on demurrer to the Supreme Court of Georgia. That court held that the suit was in equity, that the premiums paid pending suit could under the amendment be recovered back, and that a good cause of action was set out except as to the statutory penalty and attorney's fees which ought to be stricken out. 182 Ga. 284, 185 S.E. 266. The mandate was filed in the lower court and made its judgment on April 16, 1936. There was a trial, which ended in a mistrial. On January 4, 1937, the case was again put on trial before a jury. On the fifth day of the trial, the plaintiff having already proven the payment of premiums made pending the suit, made a trial amendment which listed them with the date of each and showed an aggregate of $5,935. The amendment stated that it was offered to conform to the evidence in the case. It prayed for judgment for these payments and for the other relief before prayed in the petition as amended. The amendment was allowed, and the petition for removal was presented the same day. The judge of the superior court held that the face of the policy did not measure the amount involved, and that this amendment for the first time showed that more than $3,000 was involved, and it entitled the defendant to removal. He

granted the removal and suspended the trial.

■ The portion of the removal acts here concerned, 28 U.S.C.A. § 71, speaks of suits of a civil nature "of which the district courts of the United States are given original jurisdiction." The fundamental idea is that a suit which might have been filed in the District Court may, under the conditions imposed, be removed to it. Both as to parties and amount involved, the original jurisdiction of the District Court is determined as of the time of filing, and is not affected by changes in either not caused by the voluntary act of the plaintiff. Ford, Bacon & Davis v. Volentine (C.C.A.) 64 F.(2d) 800, and cases cited. If the District Court had originally jurisdiction of the present suit, removal must have been sought by the time fixed for pleading to it. Section 72. The element of jurisdiction here in contest is the value in controversy. We must inquire whether it exceeded $3,000 when the suit was filed or when the time for pleading to it arrived, and, if not, whether by amendment of the plaintiff he so changed his case as to make that value involved immediately before removal was sought.

■ The face value of the policy was not involved. The plaintiff was not seeking to recover it. The defendant was not repudiating or in any way trying to avoid or cancel the policy. The controversy as set forth in the bill was whether the plaintiff was totally and permanently disabled and entitled to be relieved from paying $2,156 per year in quarterly premiums. The enforcement of one clause of the policy was the cause of action, whether to be accomplished by injunction or, as later prayed, by specific performance. The claim to recover $1,100 already paid as the pleading stood on September 28, 1934, was consequential on the establishment of the main contention. It was not the entire amount in controversy. This was not a law case in which the sum sued for measures the value in controversy. As the state Supreme Court has held, and as the petition abundantly shows, the suit was in equity. The main object of it was to fix the insured's right to have premiums waived during what the petition said was a permanent and incurable condition, and until the insured's death. The recovery of premiums, whether already paid or to be paid, is but an incident. The future premiums

enter into the value put in controversy, and will be settled by the decree as fully as those already paid before suit. ' Eleven hundred dollars had been paid as the pleading stood September 28, 1934, and $539 more was due October 20, and again on January 20, April 20, and July 20, 1935, so that in less than eleven months more than $3,000 would have been paid if relief were not secured. The plaintiff, according to the petition, was not in a desperate or dying condition, but only incurable. The defendant was contending he was not even disabled. His death did not appear to be imminent, and the reasonable probability was that he might live several years. If the defendant had desired to remove the suit, it could have shown on a reasonable estimate of the probabilities that more than $3,000 was involved. As it turns out, the plaintiff is yet alive and still claiming to be disabled, and about $6,000 has been added to the premiums paid. At least since the amendment of November 27, 1934, which distinctly claimed recovery of premiums paid pending the suit, the present value of future premiums was as much involved and as directly as the past ones were. The amount of them has by the lapse of time become more certainly provable, but they have been in controversy all the while. The last amendment itemized them after they had been proven under the former pleadings. It did not change the case in any substantial manner, nor permit the plaintiff to recover anything that he might not have recovered without it. The case here is not at all like a claim at law for damages, which is enlarged by amendment pending the suit. When a property right is to be asserted by specific performance or protected by injunction, the value, of that right is by all the authorities the amount in controversy. That the plaintiff has alleged no value does not prevent the defendant from setting up the true value as more than $3,000 to obtain a removal, and this he must do at the time fixed by the statute. A subsequent amendment by the plaintiff which does not really change the thing in controversy, though for the first time it discloses the value of the right, raises no new opportunity for removal. The amendment of November 27, 1934, upheld by the Supreme Court, had claimed recovery of premiums paid pending suit, and defendant knew that these, added to the single back-premium then insisted on, had

amounted to more than $3,000 by July 20, 1935. Several terms of court were permitted to elapse after that. One trial was gone through in the Superior Court, and a second one nearly completed without any effort at removal. The last trial ought not to have been arrested. The right of removal was gone, and no new right had been raised by the inconsequential amendment relied on. Let the case be remanded to the superior court of Fulton county.