27823. METROPOLITAN LIFE INSURANCE COMPANY *v.* JOHNSON.

DECIDED OCTOBER 21, 1939. REHEARING DENIED DECEMBER 8, 1939.

*Smith, Smith & Bloodworth, W. H. Smith, Weekes & Candler,* for plaintiff in error.

*John A. Dunaway, Talmadge, Fraser & Camp,* contra.

FELTON, J. 1. A cause of action involving an amount less than

$3000 is not rendered subject to removal to the Federal court by an amendment increasing the amount sued for to a sum in excess of $3000 when the facts existing at the time of the filing of the suit would not have authorized its original filing in the Federal court. This was a suit for installments under a policy of insurance providing for monthly disability payments. The original suit was for less than $3000. An amendment which included installments accruing since the suit was filed increased the amount to more than $3000; whereupon defendant filed a petition for removal which was denied. The precise question was decided by the Supreme Court of Wisconsin in the case of Egan v. Preferred Accident Insurance Co., 223 Wis. 129 (269 N. W. 667, 107 A. L. R. 1107), which cites the following United States Supreme Court decisions: Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239 (25 Sup. Ct. 251, 49 L. ed. 462); Minnesota v. Northern Securities Co., 194 U. S. 48 (24 Sup. Ct. 598, 48 L. ed. 870); Tennessee v. Union & Planters Bank, 152 U. S. 454 (14 Sup. Ct. 654, 38 L. ed. 511); Davidson v. Mexican National R. Co., 157 U. S. 201 (15 Sup. Ct. 563, 39 L. ed. 672); Metcalf v. Watertown, 128 U. S. 586 (9 Sup. Ct. 173, 32 L. ed. 543). Following the same principle the following United States Supreme Court cases are cited to the effect that there can be no removal for diversity of citizenship unless the diversity existed when the suit was filed: Stevens v. Nichols, 130 U. S. 230 (9 Sup. Ct. 518, 32 L. ed. 914); Kinney v. Columbia &c. Asso., 191 U. S. 78 (24 Sup. Ct. 30, 48 L. ed. 103); Mattingly v. Northwestern Virginia R. Co., 158 U. S. 53 (15 Sup. Ct. 725, 39 L. ed. 894); Kellam v. Keith, 144 U. S. 568 (12 Sup. Ct. 922, 36 L. ed. 544). The court did not err in denying the petition to remove. In view of this ruling it is unnecessary to decide whether the case became removable by the filing by the defendant of a counter-claim in an amount in excess of the jurisdictional amount, and whether the right was waived by the defendant's going to trial on the issues without petitioning for removal, which trial resulted in a mistrial, and after which the plaintiff amended, increasing the amount sued for.

2. The court did not err in overruling the defendant's objection to the introduction of written reports of the plaintiff's condition, made by the defendant's physicians, the objection being that they were made by the defendant's own examining physician for use

by the defendant, and that they were privileged and confidential. It does not appear in the objection that the reports were made for the purpose of constituting information of defendant's attorneys at law, or that they were in the possession of defendant's attorneys as confidential information. See *Atlantic Coast Line Railroad Co.* v. *Williams,* 21 *Ga. App.* 453 (94 S. E. 584). Communications between principal and agent are not privileged. It is not necessary to decide whether the reports were part of the res gestæ or whether written, deliberated communications are such declarations as the law contemplates. If there were insufficient evidence to authorize the verdict without the reports, and they were adjudicated to be hearsay, consideration of these questions would become necessary; but the evidence authorized a verdict for the plaintiff without the reports, and there was no objection to the reports on the ground that they were not a part of the res gestæ and therefore were such hearsay testimony as would be inadmissible.

3. Premiums paid under protest, under the necessity to do so or suffer a cancellation of the policy in the event a court should hold the company's obligation to waive no longer existed, are not voluntary payments, and are recoverable. *Metropolitan Life Insurance Co.* v. *Saul,* 182 *Ga.* 284 (185 S. E. 266).

4. It was not error to rule out the testimony referred to in the first ground of the amended motion for new trial. The objection to the question was that it was a conclusion of the witness. Conceding that it was not a conclusion, the exclusion of the testimony was not harmful to the plaintiff in error because counsel for defendant in error admitted the facts sought to be established by the witness.

This disposes of all the assignments of error argued or insisted upon. The court did not err in overruling the motion for new trial or in denying the petition to remove.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*