# Levers *against* Van Buskirk.

In a suit on a bond, the plaintiff, to rebut the presumption arising from the lapse of more than 20 years, may give in evidence an ejectment against the mortgagor for a portion of the lands mortgaged, an agreement to refer all matters in variance between the parties, a claim for the balance of the mortgage, and an award for a sum of money and judgment; a *scire facias* issued on this judgment and revival, and an *alias scire facias* against the mortgagor and heirs and terretenants, and a conditional verdict.

But he cannot give evidence of an ejectment brought more than 20 years before the present suit.

ERROR to the Common Pleas of *Monroe* county, in which an ejectment was brought by Robert Levers, Joseph Levers, William Levers, Charles Levers, George Levers, Mary Levers, John Weaver, and Elizabeth his wife, in right of said Elizabeth, against Mary Van Buskirk, widow, and Lynford Van Buskirk, George Van Buskirk and Robert Van Buskirk and George Ely, to September term 1841, for a tract of land in Hamilton township,

[Levers v. Van Buskirk.]

Monroe county, containing 299 acres 112 perches, bounded by lands of Nicholas Altemose and others. A verdict and judgment were rendered for the defendants in the court below.

This writ issued on the 18th August 1841. On the trial, the plaintiffs gave in evidence a mortgage in 1810 from Abraham Horn to George Levers, acknowledged April 6th 1810, and recorded April 11th 1810. This mortgage recited that the said Abraham Horn by four certain bonds bearing even date therewith, stood bound unto the said George Levers in the penal sum of $16,000, conditioned for the payment of $8000 as follows : $2000 on the 27th May 1810 with interest from the 1st April 1810, $2000 on the 27th May 1812 without interest, $2000 on the 27th May 1813 without interest, and $2000 on the 27th May 1814 with interest from the 1st April 1810, and for the securing the payment of which nine several tracts of land, situate partly in Chesnuthill and Hamilton townships, then Northampton, now Monroe county, were pledged, to wit :

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| No. 1. | Situate in Hamilton township, | containing 46 | acres | 145 | perches. | | | |
| No. 2. | " | partly in each township, | " | 208 | " | 49 | " | |
| No. 3. | " | in Chesnuthill township, | " | 27 | " | 40 | " | |
| No. 4. | " | in Hamilton | " | " | 161 | " | 00 | " |
| No. 5. | " | " | " | " | 175 | " | 51 | " |
| No. 6. | " | " | " | " | 153 | " | 104 | " |
| No. 7. | " | " | " | " | 64 | " | 24 | " |
| No. 8. | " | " | " | " | 84 | " | 134 | " |
| No. 9. | " | in Chesnuthill | " | " | 36 | " | 126 | " |

Being the same premises which George Levers, by indenture of same date, for the consideration therein mentioned, granted to the said Abraham Horn in fee. Also a deed dated 5th April 1810 from George Levers and wife to Abraham Horn, conveying the nine tracts above-mentioned and included in said mortgage, recorded August 28th 1810. Also a deed dated April 20th 1810 from Abraham Horn and wife to Joseph Van Buskirk, granting for the consideration of £2000 a tract of land in Hamilton township aforesaid, containing 299 acres 112 perches, and described as part of the same land which George Levers and wife, by the deed above-mentioned, conveyed to Abraham Horn in fee. And a bond dated April 5th 1810, Abraham Horn to George Levers for $2000, payable May 27th 1814, with interest from April 1st 1810.

And for the purpose of showing that the plaintiffs' ancestor claimed under the aforesaid mortgage, and to show the balance due thereon, the plaintiffs then offered in evidence the record and proceedings of the Court of Common Pleas of Northampton county, in a suit brought to April term 1821, No. 153, to wit :

George Levers *v.* Abraham Horn, Sen. Amicable action of ejectment, entered April 26th 1821 by agreement of George Levers and Abraham Horn, as per the following agreement filed, as follows, to wit :

[Levers v. Van Buskirk.]

" George Levers *v.* Abraham Horn, Sen. Amicable action of ejectment in the Common Pleas of Northampton county, April term 1821, No. 153.

It is agreed that an amicable action of ejectment as above stated be entered on the records of the Court of Common Pleas of the county of Northampton for four *tracts* or pieces of land, situate in the townships of Hamilton and Ross, the one of them situate in Ross township, bounded by the lands of John Ross, Esq. and Joseph Van Buskirk, containing 32 acres or thereabouts; one other of them situate in Hamilton township, bounded by lands of John Ross, Esq. and others, containing 10 acres or thereabouts; one other of them situate in Hamilton township aforesaid, and bounded by lands of Valentine Keiser and others, containing 3½ acres, be the same more or less, with the appurtenances; and the other of them situate in Hamilton township aforesaid, bounded by lands of Nicholas Altemose and others, containing 7 acres or thereabouts, and that the same be referred under the Act of 1705 to Philip H. Mattes, Nathaniel Michler and George Ihrie, Esq., who, or any two of them, are to hear and determine all matters in variance between the parties, and make report to the next court, and that the same referees meet at the house of James Hays, Innkeeper in Easton, on the second Saturday of May next, at 10 o'clock in the forenoon, of which both parties are to take notice. Witness our hands, this 26th day of April 1821.

GEORGE LEVERS,

ABRAHAM HORN."

July 27th 1824, report of referees filed, finding that having met and adjourned from time to time to enable the parties to produce all their accounts, vouchers and other evidence; and having carefully examined the matter submitted to them, they find for the plaintiff $1426.90, together with costs of suit. 1824, August 8, report of referees read and judgment *nisi.*

The defendants objected to the admission of this evidence, and the court rejected it and sealed an exception.

And for the purpose of showing what was in issue between the parties to the amicable action aforesaid, and also for the purpose of showing the amount of balance due under said mortgage, the plaintiffs again offered the same record and proceedings aforesaid, together with the testimony of Philip H. Mattes, one of the said referees, which testimony it was agreed would be, if given, as follows, to wit:

" I was a referee in the amicable action of ejectment of April term 1821, No. 153. The plaintiffs' demand was for $2778.26, the balance due on the mortgage dated 6th April 1810, together with interest from 15th April 1815. (Being shown the mortgage.) This is the mortgage on which suit was brought. (Looks at signature of John Ewing to the bond.) It is his handwriting; he is

dead. We allowed all credits and made the award for the balance. Abraham Horn died before 1829, intestate and insolvent, and no administration has been granted on his estate. Joseph Van Buskirk was not before us at all."

The defendants objected to this evidence, and the court rejected it and sealed an exception.

The plaintiffs thereupon offered in evidence the record and proceedings of a suit in the Court of Common Pleas of Northampton county, No. 24, to January term 1834, as follows, to wit:

George Levers *v.* Abraham Horn, Esq. *et al,* children and heirs of Abraham Horn, Sen. deceased, and terre-tenants. *Scire facias* in debt sur judgment No. 1'53 of April term 1821, and revived to April term 1829, No. 52. *Alias scire facias* in debt to January term 1834, issued 4th January 1834. "Made known to all the defendants but John Horn and *nihil* as to him, and made known to Mary Van Buskirk, widow, Lynford Van Buskirk, George Van Buskirk and Robert Van Buskirk, the terre-tenants."

April 28th 1834, the terre-tenants plead that at the time of the mortgage executed, Abraham Horn, Sen. had nothing in the lands and tenements whereof execution is prayed. January 30th 1835 the terre-tenants filed the following plea: "And the said Mary Van Buskirk, widow, Lynford Van Buskirk, George Van Buskirk and Robert Van Buskirk, who are by the return of the sheriff to the writ aforesaid returned as terre-tenants, come and say that the said George Levers ought not to have execution against them of any lands and tenements within the county of Northampton aforesaid, in their possession or occupancy, because they say that at the time of the rendition of the judgment aforesaid whereof mention is made in the aforesaid writ of *scire facias,* that is to say, of the term of August 1824, they, the said Mary Van Buskirk, widow, Lynford Van Buskirk, George Van Buskirk and Robert Van Buskirk, were not tenants, owners or occupiers of any lands, tenements or hereditaments which were of the said Abraham Horn deceased in the county of Northampton, against whom the original judgment in this case is pretended to have been given; and this they are ready to verify. Therefore they pray judgment if the said George Levers ought to have execution against them for the debt and damages aforesaid to be levied of any lands, tenements or hereditaments within the county of Northampton, of which they are tenants, owners or occupiers." Defendants also plead payment. April 28th 1835, the terre-tenants plead *nil tenent,* and same day a jury being called came, to wit, etc. April 29th 1835, the terre-tenants file a disclaimer as to the lands and tenements described in the agreement to enter the amicable action, whereupon the jury find for the plaintiffs with costs of suit; but if the defendants or any of them shall on or before the 1st day of

[Levers v. Van Buskirk.]

August next pay to the plaintiffs the sum of $2489.16 and the costs of suit, no writ of *habere facias possessionem* to issue, otherwise after that day the plaintiffs to be at liberty to take out a *habere facias possessionem* for the land and tenements mentioned in the agreement to enter the amicable action, No. 153, April 1821. October 24th 1837, death of plaintiff suggested, and Robert Levers and Lewis Micke, administrators of George Levers deceased, substituted.

Together with all the proceedings and record of the amicable action No. 153 of April term 1821, and the testimony of Philip H. Mattes, the referee as aforesaid. To all which the defendants objected, and the court rejected the evidence and sealed an exception.

It was agreed and admitted that the plaintiffs were the children and heirs of George Levers deceased, and that the defendants were the widow and children of Joseph Van Buskirk deceased, (George Ely excepted).

The plaintiffs then gave in evidence the record and proceedings of an action of ejectment, as follows, to wit:

George Levers *v.* Joseph Van Buskirk. Ejectment of November term 1817, No. 74, for the same tract of land mentioned in plaintiff's description, containing 299 acres 112 perches in Hamilton township. Returned, " served on defendant."

Narr. filed March 26th 1818. November 29th 1817, rule to plead. April 25th 1818, judgment for want of a plea.

And thereupon the plaintiffs closed their case, and the defendants offering no evidence closed likewise, and then one of the plaintiffs' counsel commenced his argument to the jury, and had progressed therewith a few moments when the plaintiffs asked permission of the court to prove that Mary Van Buskirk, one of the defendants, was the sister of the George Levers, the mortgagee before mentioned; to the admission of which the defendants objected on the ground that the testimony on both sides was closed, whereupon the court rejected the evidence and sealed an exception.

The rejection of the evidence offered was assigned for error.

*Ihrie*, (with whom was *A. E. Brown*), for the plaintiffs in error, referred to *Foulk* v. *Brown*, (2 *Watts* 214); *Tilghman* v. *Fisher*, (9 *Watts* 442); *Schlosser* v. *Lesher*, (1 *Dall.* 411).

*Reeder* and *Hepburn*, contra, cited 1 *Stark. Ev.* 213, (5th *Am. Ed.*); *Kunkle* v. *Wolfersberger*, (6 *Watts* 126); *Blackmore* v. *Gregg*, (10 *Watts* 222); *Frederick* v. *Gray*, (10 *Serg. & Rawle* 182); *Taylor's Ex'rs* v. *Maris*, (5 *Rawle* 57); 1 *Brock.* 266; 1 *Munf.* 437; 1 *Wash. C. C.* 70; 2 *Ib.* 473.

[Levers v. Van Buskirk.]

The opinion of the Court was delivered by

SERGEANT, J.—This was an ejectment brought in 1841 by the mortgagee to recover part of certain lands mortgaged in 1810, alleging that a balance was due on the last payment of $2000, which was to have been made pursuant to the bond on the 27th May 1814. After giving in evidence the mortgage and bond and deed to the mortgagor by the mortgagee, the plaintiffs offered in evidence various proceedings to rebut the presumption of payment arising from the lapse of more than 20 years since the time when the money was due and payable on the bond in question. And we think that with the exception of the last item, the evidence was admissible for the purpose of rebutting the presumption of payment arising from lapse of time, as it tended to show a prosecution of his claim by the plaintiff within the 20 years preceding the institution of the present suit. The doctrine on this head was fully considered in the case of *Foulk* v. *Brown,* (2 *Watts* 215), and it is there held that slighter circumstances are sufficient to rebut the presumption than are required to take the case out of the Statute of Limitations; the latter being a positive enactment of the Legislature, the former merely an inference on which legal belief is founded. The party's ignorance of his rights—his disability to sue during a portion of the time, owing to the prevalence of a war, and it is said a writ sued out against the party really liable though not arrested, or an imperfect writ if the party were arrested—absence from the country—a demand without suit, and generally any circumstance explaining satisfactorily why an earlier demand has not been made.

Here the evidence offered went to show an ejectment instituted by the plaintiffs' ancestor in 1821 to recover a portion of the lands mortgaged, an agreement to refer all matters in variance between the parties, a claim for the balance of the mortgage, and an award for a sum of money and judgment thereon; a *scire facias* issued on this judgment and revival to April term 1829; *alias scire facias* to January term 1834 against the mortgagor and heirs and terre-tenants, with a conditional verdict. These certainly show a claim on the mortgage, and that persisted in, though it would seem by mixed and imperfect proceedings, and such probably as the plaintiffs could not reap the benefit of, though they may have had the right; and they therefore ought to go to the jury as evidence to repel the presumption of payment arising from the mere lapse of time, and to show a claim and demand of the money on the mortgage. It is no objection that the original ejectment and proceedings mentioned are against Horn alone. He was the mortgagor; the defendants bought after his mortgage was given and recorded; they therefore took their lands subject to it, and were in privity of estate with the mortgagor.

As to the ejectment in 1817, that was more than 20 years before the present suit, and it does not appear how it could have

[Levers v. Van Buskirk.]

any operation to rebut the presumption arising from the lapse of 20 years last preceding. We think that was not evidence, but the others were.

Judgment reversed, and *venire facias de novo* awarded.