### In re EAST STROUDSBURG SUPPLY & CONSTRUCTION CO.

(District Court, M. D. Pennsylvania.    March 7, 1918.)

#### No. 3465.

1. BANKRUPTCY ⬤⟾151—TRUSTEE—RIGHTS OF.
   The trustee in bankruptcy takes the property in the same condition in which the bankrupt held it.

2. BANKRUPTCY ⬤⟾253—TRUSTEE—REDEMPTION.
   The trustee in bankruptcy has the right to redeem property which has been pledged by the bankrupt, and should exercise that right, where for the benefit of creditors.

3. BANKRUPTCY ⬤⟾253—LIENS—RELEASE.
   Where a vendor, who took back a mortgage for part of the purchase price, agreed, it being the intention of the purchaser to plat the premises, erect buildings, and dispose of lots to release any lot upon payment of a fixed sum, the vendor may be required, the purchaser having become a bankrupt, to release lots on which houses were erected on payment of the sum fixed, for the vendor had his opportunity of protecting himself when he entered into the contract, and it would be inequitable to allow him to hold such lots after his security had been increased.

4. BANKRUPTCY ⬤⟾293(1)—COURTS OF BANKRUPTCY—JURISDICTION.
   Where it was agreed between the bankrupt and its vendor, who took back a purchase-money mortgage, that separate lots should be released from the lien of the mortgage on a fixed ·payment, and the trustee in bankruptcy desired to exercise that right as to lots on which the bankrupt had erected buildings, a court of bankruptcy has jurisdiction of a proceeding to require the vendor to release such lots from the lien of his mortgage, for the trustee is an officer of the bankruptcy court, and the matter affected the estate of the bankrupt.

In Bankruptcy. In the matter of the bankruptcy of the East Stroudsburg Supply & Construction Company. On rule to show cause why Louis Sulkin, mortgagee, should not release certain lots from the lien of his mortgage, and the same should not be ordered sold, discharged of the mortgage lien. Rule made absolute.

Houck & Benjamin, of Scranton, Pa., for trustee.
E. J. & J. W. Fox, of Easton, Pa., for respondent.

WITMER, District Judge. Louis Sulkin was the owner of a tract of real estate in Stroudsburg, which he sold to the East Stroudsburg Supply & Construction Company, taking from the company, as part consideration of the purchase money, a mortgage, which was recorded

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and made a lien covering the entire property conveyed. It was the intent and purpose of the purchaser, the East Stroudsburg Company, to erect buildings upon said real estate and to sell and dispose of the same in lots and parcels, and, in order to transfer the required title, free and discharged of the lien of the mortgage, a release of any or all of said lots or parcels of ground was necessary; hence the parties simultaneously, but separate and apart from the mortgage, entered into the following agreement:

"The said Louis Sulkin covenants, promises, and agrees to and with the East Stroudsburg Supply & Construction Company, Incorporated, and the East Stroudsburg Supply & Construction Company, Incorporated, for the consideration aforesaid, covenants, promises, and agrees to and with the said Louis Sulkin, as follows, to wit:

"I. The said Louis Sulkin will execute a release of the aforesaid mortgage unto the East Stroudsburg Supply & Construction Company, Incorporated, its successors and assigns, for any or all of the lots conveyed by the aforesaid deed and covered by the aforesaid mortgage, upon the payment to him, the said Louis Sulkin. his executors, administrators, or assigns, of the sum of three hundred dollars per lot.

"II. The East Stroudsburg Supply & Construction Company, Incorporated, agrees to pay to the said Louis Sulkin, upon the release, three hundred dollars for each and every lot for which a release is asked, by the said East Stroudsburg Supply & Construction Company, Incorporated, until the whole of the mortgage debt is thereby or otherwise paid."

It appears that afterwards, and before the company was adjudicated a bankrupt, certain lots, designated as lots Nos. 13, 14, and 15 on the bankrupt's plot of this ground, embraced in the conveyance, were improved by the erection thereon of houses. The trustee in bankruptcy, deeming it advisable and to advantage to the bankrupt estate to pay the money for the release of said lots, as provided by the agreement between the parties, obtained authority from the court to advance to the mortgagee the necessary money for the purpose, and having obtained such money, the trustee tendered and offered to the said mortgagee, Louis Sulkin, a legal tender of $950, being the amount due, including interest, for the release of the lots. The tender was refused and the release declined, whereupon the trustee came into court, asking for a rule to show cause why the said Louis Sulkin should not be compelled to accept said money and execute a release for the three lots mentioned, and on failure thereof he be authorized and empowered to pay the money into court, so as to enable him to make sale of the lots, free and discharged of the lien of the mortgage.

The respondent answers that his contract with the bankrupt was made to aid and assist the bankrupt company in developing the real estate sold to the bankrupt and mortgaged for a portion of the purchase price; that it was the plan of the bankrupt to build houses upon it and to sell lots from time to time, and, in order to assist the enterprise, the respondent entered into the agreement mentioned. The respondent denies that the right which the East Stroudsburg Supply & Construction Company enjoyed before its bankruptcy under its agreement with him to have released from the lien of the mortgage certain of its lots passed to the trustee in bankruptcy and became an asset of the bankrupt company.

[1-3] Now, it must be conceded that the bankrupt was the owner of the lots subject to the equities of the mortgagee, and it is fundamental that "the trustee in bankruptcy takes property in the same condition in which the bankrupt held it." Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956. Likewise the trustee has the right to redeem property which has been pledged by the bankrupt. Van Kirk v. Slate Co. et al. (D. C.) 140 Fed. 38, 15 Am. Bankr. Rep. 239. It is in fact his duty to redeem such property, where the same may be accomplished by the payment of less than its value, so as to realize the equity of redemption for the general creditors. There appears to be no good reason for any contrary conclusion here in the face of the admitted facts of the case under consideration. The bankrupt erected houses on the designated lots, the builders and mechanics contributing their portion, all depending on the title of the bankrupt's right to release on payment of the stipulated amount. That the trustee should be denied the right of release contemplated by the agreement between the parties would indeed work great injustice and hardship to those who, relying on the mortgagee's promise, have extended credit to the bankrupt. The mortgagee, having fixed the amount for the release of the aliquot parts of the mortgaged premises, is bound to look to such parcel for its proportionate part only, and, when tender is made of the consideration, the mortgagor, or his representative, is entitled to have the same discharged from the lien of the mortgage. Jones et al. v. Vogel, 185 Pa. 1, 39 Atl. 546; Levers v. Van Buskirk, 4 Pa. 309.

[4] That the bankruptcy court has jurisdiction in this proceeding to determine the amount and character of the mortgage lien on the property in question is not doubted. The officer of the court, the trustee, is in the possession of the property, and in order to convert such property into cash, for distribution amongst the creditors in the administration of the estate of the bankrupt, it becomes necessary and important that the court determine the character of the liens and make disposition in regard to the same. To this end the court will exercise its jurisdiction over the estate of the bankrupt. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157.

The rule is made absolute, and an order will accordingly be entered.