**Boyd v. Windsor Insurance Co.**

C.P. of Fayette County, no. 1110 of 1997, G.D.

*Willaim M. Radcliffe,* for plaintiff.
*John W. Zotter,* for defendant.

SOLOMON, *J.,* February 8, 1999—Before the court is the motion for reconsideration or certification filed by the defendant, Windsor Insurance Company. In its motion, the defendant asks the court to reconsider its opinion and order of January 5, 1999. Therein, we held that, from the record, it appeared that there existed a crime-fraud exception to the attorney-client privilege and we granted the plaintiff's motion to compel answers to interrogatories and request for production of documents. Only upon filing the instant motion did the defendant produce the documents sought by the plaintiff and request and in camera inspection of those documents. Having done so, we are of the opinion that we must reverse our order of January 5, 1999.

In order for the exception to apply, the defendant must have either conspired with its counsel or deceived its counsel for the purpose of furthering a continuing or future tort. *Nadler v. Warner Company,* 321 Pa. 139, 184 A. 3 (1936). The burden of proof is upon the plaintiff in this matter to establish that production of the documents would not violate the attorney-client privilege. *In re Investigating Grand Jury of Philadelphia County,* 527 Pa. 432, 593 A.2d 402 (1991). This burden has not been sustained.

Here, an examination of the documents in question fails to establish the claim that the crime-fraud exception applies. The documents do not disclose that the defendant used the services of its attorneys to further a continuing or future tort of bad faith and breach of

fiduciary duty. The documents contain nothing more than legal advice given to the defendant.

Wherefore, we will enter the following order.

## ORDER

And now, February 8, 1999, upon reconsideration, the plaintiff's motion to compel answers to interrogatories and request for production of documents, regarding memorandums and correspondence between the defendant and its counsel, is ordered denied.