J-A01018-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| CUSTOM HOMES, INC., A PENNSYLVANIA CORPORATION, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JANE YOUNG, AN INDIVIDUAL, AND KIKI DOUMAS, AN INDIVIDUAL, | : | |
| Appellants | : | No. 529 WDA 2014 |

Appeal from the Order March 20, 2014,
Court of Common Pleas, Washington County,
Civil Division at No. 2012-2460

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED FEBRUARY 24, 2015**

Jane Young and Kiki Doumas ("Young" and "Doumas" respectively; "Appellants" collectively) appeal from an order of court denying their objections to a proposed subpoena issued by Custom Homes, Inc. ("Custom Homes") on Appellants' counsel. Following our review, we reverse.

In 2008, Young and her then-husband, Bruce Goldblatt, entered into a contract with Custom Homes for the construction of a new home in Washington County. Young's parents, Menelaos and Kiki Doumas, gave her money to purchase the plot of land upon which the house was to be constructed and for the construction of the house.[1] During the construction of the house, a dispute arose, which ended up in AAA arbitration in

---

[1] Menelaos Doumas passed away in 2011 and is not named as a party in this matter.

Allegheny County. The arbitration resulted in an award for Custom Homes in the amount of $64,032. On November 30, 2010, Custom Homes had the award reduced to a judgment and on May 5, 2011, the judgment was entered in Washington County. When Custom Homes attempted to execute on this judgment, it discovered that Young's real property (two homes, including the one that was the subject of the arbitration) and her automobile were encumbered by various liens in favor of Dumas.

Following this revelation, Custom Homes filed a complaint in Washington County against Appellants alleging a violation of the Pennsylvania Uniform Fraudulent Transfer Act, premised on the theory that the encumbrances on Young's property were made with the intent to hinder or defraud Custom Homes in its attempts to execute on its judgment against Young. Once the pleadings were closed, Custom Homes issued notice of its intent to subpoena all documents in the possession of Appellants' counsel's law firm, Jones, Gregg, Creehan & Gerace, LLP, regarding its representation of not only appellants but also Menelaos Dumas, from January 1, 2008 through July 1, 2011. Appellants filed objections to this subpoena, asserting, inter alia, that the documents sought were protected by the attorney-client privilege and/or work product doctrine. The trial court

ultimately denied Appellants' objections on March 20, 2014. This timely appeal followed.[2]

Appellants present the following four issues for our review:

> 1. Did the trial court commit an error of law when it permitted the automatic disclosure of attorney-client privileged information under the crime-fraud exception based on Custom Home's mere allegation of fraud in its complaint?
>
> 2. Did the trial court commit an error of law in permitting disclosure of attorney-client information under the crime-fraud exception without any evidence presented at a hearing to indicate any fraudulent conduct on the part of counsel or the Appellants?
>
> 3. Did the trial court commit an error of law in compelling the disclosure of attorney work product in response to the subpoena issued to Appellants' counsel?

Appellants' Brief at 4.[3]

Appellants first argue that Custom Homes' mere allegation of fraud was insufficient to overcome their assertion of attorney-client privilege. "Whether the attorney-client privilege or the work product doctrine protects a communication from disclosure is a question of law. This Court's standard

---

[2] The order at issue is appealable as a collateral order pursuant to Pa.R.A.P. 313. **See Saint Luke's Hosp. of Bethlehem v. Vivian**, 99 A.3d 534, 540 (Pa. Super. 2014).

[3] Appellants included an additional issue in their statement of questions involved, **see** Appellants' Brief at 4, but it was not included in their Pa.R.A.P. 1925(b) statement of matters complained of on appeal. As such, it is waived and cannot be raised on appeal. Pa.R.A.P. 1925(b)(4)(vii).

of review over questions of law is de novo, and the scope of review is plenary." *Saint Luke's Hosp. of Bethlehem*, 99 A.3d at 540 (Pa. Super. 2014).

Preliminarily, we note that the attorney-client privilege protects both communications from the client to the attorney and from the attorney to the client. *Gillard v. AIG Ins. Co.*, 15 A.3d 44, 59 (Pa. 2011).

> The attorney-client privilege is intended to foster candid communications between counsel and client, so that counsel may provide legal advice based upon the most complete information from the client. The central principle is that a client may be reluctant to disclose to his lawyer all facts necessary to obtain informed legal advice, if the communication may later be exposed to public scrutiny. Recognizing that its purpose is to create an atmosphere that will encourage confidence and dialogue between attorney and client, the privilege is founded upon a policy extrinsic to the protection of the fact-finding process. The intended beneficiary of this policy is not the individual client so much as the systematic administration of justice which depends on frank and open client-attorney communication.

*In re Thirty-Third Statewide Investigating Grand Jury*, 86 A.3d 204, 216-17 (Pa. 2014) (internal citations omitted). "Protection under attorney-client privilege is subject to limits, exceptions, and waiver. For example, the crime-fraud exception results in loss of the privilege's protections when the advice of counsel is sought in furtherance of the commission of criminal or fraudulent activity." *Nationwide Mut. Ins. Co. v. Fleming*, 924 A.2d 1259, 1265 (Pa. Super. 2007). Furthermore, "[t]he party who has asserted

attorney-client privilege must initially set forth facts showing that the privilege has been properly invoked; then the burden shifts to the party seeking disclosure to set forth facts showing that disclosure will not violate the attorney-client privilege, *e.g.,* because the privilege has been waived or because some exception applies." *Id.* at 1266. In this appeal, our inquiry focuses only on the second half of this standard: whether Custom Homes sufficiently established the crime-fraud exception to the attorney-client privilege.

To establish that an exception to the privilege applies, the party seeking disclosure "must establish[] a prima facie case that the party asserting the privilege is committing a crime or fraud or continuing the same in exercising the privilege[.]" *Brennan v. Brennan*, 422 A.2d 510, 517 (Pa. Super. 1980). Mere allegations of crime or fraud will not suffice; "before the fact may be shown, the court must be satisfied that the **evidence** proposed to establish the fact is sufficient to go to the jury for the purpose. To drive the privilege away, there must be something to give colour to the charge; **there must be prima facie evidence that it has some foundation in fact**." *Nadler v. Warner Co.*, 184 A. 3 (Pa. 1936) (internal citation omitted) (emphasis added).

For instance, *Brennan* involved a custody suit in which the father moved to Florida and took the parties' children with him. Counsel for the father appeared alone at a conciliation and refused to disclose his client's

home address and phone number. Counsel refused because the father specifically requested that he not reveal this information and asserted the attorney-client privilege as the basis for his refusal. The trial court held counsel in contempt and imposed a fine for every day that counsel continued to withhold the information. On appeal, after first determining that a client's home address and telephone number could be protected by the attorney-client privilege, this Court turned its attention to whether the mother had sufficiently established a prima facie case that a crime or fraud was being committed. We concluded that she had not, noting that the trial court did not receive any evidence on this issue and made no finding that any criminal or fraudulent conduct had occurred. **Brennan**, 422 A.2d at 517.

Similarly, in this case, Custom Homes presented no evidence to the trial court to support its claim.[4] Instead, it relied on the allegations contained in its complaint to serve as the "evidence" needed to meet its burden of proof. Custom Homes' Brief at 5-6, 9-13.[5] This cannot suffice.

_____

[4] For instance, Custom Homes could have deposed Young, Bruce Goldblatt, or, if she were deemed competent, Dumas, in order to develop the evidence required to meet its burden.

[5] Custom Homes relies on these allegations in two ways: first, by arguing that Appellants have admitted the allegations either directly or by failure to deny with adequate specificity; and second, by arguing that because it survived Appellants' demurrer, it has per se established a prima facie case of fraud. From our review of the record, we disagree that Appellants admitted conduct alleged by Custom Homes that would establish fraud, directly or otherwise. Moreover, we note that the trial court did not reach the merits of Appellants' demurrer; rather, it concluded that the demurrer was

The standard as set forth above is clear: the party seeking disclosure must present evidence to establish that his allegation has a basis in fact. *Nadler*, 184 A. at 3; *see also In re Investigating Grand Jury of Philadelphia Cnty. No. 88-00-3503*, 593 A.2d 402, 407 (Pa. 1991); *Fleming*, 924 A.2d at 1266; *Brennan*, 422 A.2d at 517. Custom Homes has not put forth any evidence in support of its position, and so it failed to meet its burden of proof to vitiate the attorney-client privilege.[6]

Because Custom Homes has failed to meet its burden, the order denying Appellants' objections to Custom Homes' subpoena is vacated. Having reached this conclusion, Appellants' remaining issues are moot and we need not address them.

Order vacated. Case remanded. Jurisdiction relinquished.

---

insufficiently pled and provided Appellants leave to plead over. Trial Court Opinion, 10/18/12. Rather than doing so, Appellants filed an answer to the complaint. Contrary to Custom Homes' position, there has been no determination that it has set forth a prima facie case in support of its claim.

[6] We note that the trial court did not consider whether Custom Homes satisfied its burden of proof as set forth in the myriad cases cited above. Rather, the trial court reasoned, "As [Appellants] failed to posit any counterargument to [Custom Homes' assertion of] the crime/fraud exception, this [c]ourt agreed that Custom Homes has satisfied its burden." Trial Court Opinion, 6/3/14, at 2. Thus, the trial court palpably misapplied the law in reaching it decision.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015